COLLEGE OF the VIRGIN ISLANDS
v.
VITEX MANUFACTURING COMPANY,
Ltd., Appellant.

No. 16415.

United States Court of Appeals
Third Circuit.

Argued Jan. 30, 1968.

Decided March 14, 1968.

Rehearing Denied June 19, 1968.

Frederick D. Rosenberg, Bailey & Wood, Charlotte Amalie, St. Thomas, V. I., (Russell B. Johnson, Christiansted, St. Croix, V. I., on the brief), for appellant.

Peter J. O'Dea, First Asst. Atty. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, V. I., for appellee.

Before KALODNER, STALEY and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from an Order of the United States District Court for the Virgin Islands, Division of St. Thomas and St. John, affirming a decision of the Municipal Court of the Virgin Islands in favor of plaintiff, the College of the Virgin Islands, and against defendant-appellant, Vitex Manufacturing Company, Ltd.

Plaintiff instituted this action in the Municipal Court seeking to evict defendant from premises owned by plaintiff and occupied by defendant as "permittee"

under an agreement entered into between defendant and the Virgin Islands Corporation, acting on behalf of the United States. The term of occupancy was from November 1, 1961 to June 30, 1969, but there was a proviso in the agreement that the "permittor" could revoke the "permit at any time." On May 8, 1964, the United States deeded the premises to plaintiff. The deed provided, inter alia, that plaintiff took title subject to all existing "easements" and "servitudes". Plaintiff gave defendant notice to quit the premises on August 12, 1964, effective January 12, 1965. Defendant refused to quit and this action followed.

The Municipal Court held that plaintiff was entitled to immediate possession of the premises and was not liable to defendant for any damage resulting from eviction, but the Court in exercise of its "equity powers" stayed eviction for three months "in view of the difficulty in finding suitable premises. * * *" College of the Virgin Islands v. Vitex Manufacturing Co., Ltd., 5 V.I. 34, 49 (1965). The Municipal Court's judgment was affirmed in all respects by the District Court which found: (1) that the agreement between defendant and the Virgin Islands Corporation was a lease and not a license and therefore not a "servitude" under the deed between the United States and plaintiff; (2) that parol evidence of an alleged oral "agreement" between defendant and the president of the Virgin Islands Corporation at the time of the lease's execution that it would only be revoked in the event of a national emergency, was not admissible; and (3) that equitable estoppel did not apply with respect to the alleged oral agreement because Virgin Islands Corporation's president lacked authority to make such representations and defendant should have known of his lack of authority.

On review of the record we find no error. The Order of the District Court of November 18, 1966 affirming the decision of the Municipal Court of the Virgin Islands, Division of St. Thomas and St. John, with costs to plaintiff-appellee, will be affirmed for the reasons so well stated by Judge Gordon in his opinion, subject to the modification that the defendant-appellant shall have three months from the date of our mandate within which to vacate the premises, provided that defendant-appellant continues to pay rent accruing during the term of its occupancy.